USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

NILKA ESTHER YAU,                   :

                Plaintiff,      :     12 Civ. 1162 (LTS)(HBP)

   -against-                       :     OPINION
                                   AND ORDER

YMCA OF GREATER NEW YORK,           :

                Defendant.      :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By motion dated February 1, 2012 (Docket Item 3), plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

       The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge,

2

> 802 F.2d at 60-61 (internal quotation marks and citation omitted). In <u>Cooper v. A. Sargenti Co.</u>, [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

The application currently before me fails to address most of the relevant criteria. Plaintiff does not explain that she has any special need for an attorney. She also fails to detail her efforts to obtain counsel on her own; the only information she provides in this regard is that she "called many agencies, who simply don't accept these types of cases or comment that I am living too far."

In addition, plaintiff's application tells me nothing about the merits of plaintiff's claim. This is an employment discrimination matter. The complaint alleges, in substance, that plaintiff was a long-term employee of the YMCA and had received numerous commendations and positive performance reviews. The complaint further alleges that after more than twenty years on the job, her performance reviews began to deteriorate, she was denied a promotion and ultimately terminated; she contends that she was denied the promotion and terminated as a result of discrimination on the basis of race, gender and age. Her princi-

pal evidence of discriminatory animus is a document she prepared listing several individuals of Asian ancestry who have either been passed over for promotion by defendant or terminated by defendant. Although this evidence may have some significance, it is simply does not have enough weight to establish that plaintiff's case is sufficiently meritorious to warrant adding it to the list of cases considered by members of the Pro Bono Panel. Because this case is at the very early stages, it is impossible to form an opinion as to the ultimate merits of the parties' positions; all I am concluding at this stage is that plaintiff has not yet shown that her case is sufficiently meritorious to warrant being added to list of cases considered by the Court's Pro Bono Panel.

Accordingly, plaintiff's motion to have his case added to the list of cases considered by the Court's Pro Bono Panel (Docket Item 3) is denied without prejudice to renewal. Any renewed application should address the relevant factors discussed above.

Dated:  New York, New York
        September 12, 2012

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Ms. Nilka Esther Yau
Apt. 14-B
2220 St. John's Avenue
Billings, Montana   59102